
IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| Carolyn L. Butler, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 07-G-0297-S |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

The plaintiff, Carolyn L. Butler, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Social Security Benefits. Plaintiff timely pursued and exhausted her administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). To that end this

court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth, at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth, at 1239.

## DISCUSSION

The court has carefully reviewed the record and finds that the decision of the ALJ must be remanded for further development of the record. In the present case, the plaintiff alleges she is disabled due to a combination of mental and physical impairments. In her opinion, the ALJ found the plaintiff had the following "severe" impairments: obesity, lumbar degenerative disc disease, and depression. [R 20] The ALJ did not properly develop the medical records as to the plaintiff's moderate depression. The Social Security Administration's consulting mental examiner diagnosed the plaintiff as suffering from Major Depressive Disorder, Recurrent, Moderate. [R 186] The diagnostic criterion for assigning the "Moderate" specifier to depression is that the episode have a severity that is "intermediate between mild and severe." DSM-IV-TR at 412.

Mild episodes are "characterized by the presence of only five or six depressive symptoms and either mild disability or the capacity to function normally but with substantial and unusual effort." DSM-IV-TR at 412. A diagnosis of severe depression is strongly indicative of an inability to work. For example, the Diagnostic and Statistical Manual of Mental Disorders describes the criteria for assigning the specifier "Severe Without Psychotic Features" to a major depressive episode: "Episodes that are *Severe Without Psychotic*

*Features* are characterized by the presence of most of the criteria symptoms and <u>clear-cut, observable disability (e.g., inability to work</u> or care for children)." 412 (4th Edition, Tex Revision) ("DSM-IV-TR") (italics in original)(emphasis added).  Therefore, moderate depression would fall between severe disability characterized by "clear-cut, observable disability (e.g., inability to work or care for children)" and mild disability in which the patient has the "capacity to function normally but with substantial and unusual effort." DSM-IV-TR at 412.  Determination of whether the plaintiff's moderate depression is disabling, therefore, requires further inquiry to find out where on this continuum the plaintiff's symptoms lie.

        The ALJ minimized the impact of plaintiff's moderate depression because the medical evidence contained "no evidence of treatment with any psychiatrist or other mental health professional." [R 21]  Plaintiff's attorney asserts in brief that the plaintiff was being treated by a psychiatrist:  "She has a history of depression and post traumatic stress disorder due to abuse from her father when she was younger.  (R. 47-48)[1]  She is being treated for these psychiatric conditions by Dr. Patterson.  (R. 49).[2]"  However, the only record from Dr. Patterson is a letter to whom it may concern:

---

[1] The citation is to plaintiff's testimony at the hearing.

[2] This is a cite to the plaintiff's testimony at the ALJ hearing:

Q:    And as far as treatment, is that part of what you have been treated for and the – with I believe Dr. Patterson in the UAB program and there is a report from Dr. Patterson –

A:    Yes.

3

> Carolyn Butler is participating in a Double Blind Placebo-Controlled clinical research trial sponsored by Fabre-Kramer Pharmaceutical, for the treatment of Major Depression form December 10, 2003 to present [February 2, 2004]. She was compliant with scheduled visits and medication regimens.

[R 213] Even without treatment notes from Dr. Patterson, this at a minimum shows the plaintiff sought out treatment for her depression.

The record shows the plaintiff sought treatment from other mental health professionals. It also shows that mental health treatment records appear to be missing from the administrative record. On October 1, 2004, the plaintiff saw Dr. Coplin's nurse practitioner[3] at Cooper Green Hospital in follow-up for lower back pain, pain in the left knee, and swelling in the left leg. [R 227] The diagnostic impression included depression and the plan was a prescription for Lexapro and a referral to Western Mental Health.[4] [R 227]

---

[3] The treatment notes suggest the plaintiff was primarily seen by Dr. Coplin's nurse practitioner. For example, the list of medications on November 1, 2004, reflects they were prescribed by Dr. Coplin's nurse practitioner. [R 226]

[4] Plaintiff's attorney asserts that "[o]n October 12, 2004, Plaintiff was seen for a 'history of bipolar [disorder] with urges to hurt others (and hallucinations).'(R. 228). She was referred on this occasion to Dr. Carmichael, the staff psychiatrist at Cooper Green." (Pl.'s br. at p. 4)(alterations in original). However, the page cited by plaintiff's attorney is actually page two of a treatment note from October 1, 2004. [R 227-228] The portion quoted by plaintiff's attorney is dated October 12, 2004, which means either it was added after the visit, or the date was incorrect. It was signed by a nurse practitioner. The treatment note contains the following: "recently told by disability physician – bipolar/ depression ...." [R 227] The disability physician referred to was Dr. Sullivan, who was a consultative physical examiner. In his report is the following: "She has characteristics of PTSD with frequent panic attacks, crying, constant worrying and depression that <u>by her description of events and feelings</u> has bipolar features with frequent periods of racing thought and uncontrollable behavior." [R 177 (emphasis added).] Neither Dr. Coplin nor his nurse practitioner diagnosed the plaintiff as suffering from bipolar disorder.

On November 1, 2004, Dr. Coplin's treatment note indicates the purpose of the visit was a rash; she had been out of Lexapro for four days; and had not been sleeping well. [R 226]  The treatment note states that "Lexapro pt [patient?] asst [assistance?] refused by company– insomnia continues– Western Mental Health referred her to Dr. Carmicheal [sic]." [R 226]  The diagnostic plan indicates she would be switched to Prozac and would be referred to Dr. Carmichael for depression  [R 226]  There are no treatment records from Western Mental Health or from Dr. Carmichael in the administrative record.

At the hearing, the plaintiff's attorney referred to medical records from Morris Health Clinic that were submitted at the hearing.  [R 44]  However, there are no records from the Morris Health Clinic in the administrative record.

For these reasons, the ALJ's decision is not supported by substantial evidence. In addition, the ALJ failed to properly develop the medical record concerning the plaintiff's mental illness.  "Because a hearing before an ALJ is not an adversary proceeding, the ALJ has a basic obligation to develop a full and fair record.  This obligation exists even if the claimant is represented by counsel, or has waived the right to representation." Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)(citations omitted).  Important medical records appear to be missing from the administrative record.  Therefore, the ALJ's reliance on the lack of mental health care treatment was improper and the action will be remanded for proper development of the medical record and for proper consideration of the plaintiff's combined mental and physical impairments.  When a claimant has multiple impairments they must be considered in combination.

> [A] claim for social security benefits based on disability may lie even though none of the impairments, considered individually, is disabling.  In such instances, it is the duty of the administrative law judge to make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled.

Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984).

The ALJ also did not find the plaintiff's borderline intellectual functioning, as diagnosed by the Social Security Administration's consulting mental examiner, to be a severe impairment.  Nor did the ALJ consider whether the plaintiff met Listing 12.05C.  On remand, the Commissioner shall properly consider the vocational impact of the plaintiff's borderline intellectual functioning when combined with the plaintiff's other impairments, and also whether it meets Listing 12.05C.

DONE and ORDERED 23 April 2008.

UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.